UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISON

| | |
|---|---|
| **Babbage Holdings, LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**Namco Bandai Games America, Inc. and Namco Bandai Holdings (USA).**<br><br>    Defendants. | Civil Action No. 2:13-cv-755<br><br>JURY TRIAL DEMANDED |

### FIRST AMENDED COMPLAINT

Babbage Holdings, LLC ("Babbage") files this First Amended Complaint against Namco Bandai Games America, Inc. and Namco Bandai Holdings (USA) (collectively, "Defendants"), and alleges as follows:

#### PARTIES

1.   Babbage is a limited liability company existing under the laws of the State of Texas, with its principal business mailing address at 3100 Independence Pkwy, Suite 311, Plano, Texas.

2.   Defendant Namco Bandai Games America, Inc. is a Delaware corporation with its principal place of business in Santa Clara, California.  Defendant Namco Bandai Holdings (USA) is a Delaware corporation with its principal place of business in Santa Clara, California.

#### JURISDICTION AND VENUE

3.   This Court has jurisdiction because this is a patent infringement case arising under the patent laws of the United States Code, Title 35. This Court has exclusive subject matter jurisdiction over this case under 28 U.S.C. § 1338(a).

4. This Court has personal jurisdiction over Defendants. Defendants have conducted and do conduct business within the State of Texas. Defendants, directly or through subsidiaries or intermediaries, offered for sale, used, made, distributed, sold, advertised, and/or marketed accused video games in the State of Texas and the Eastern District of Texas. Defendants have voluntarily sold accused products in this District, either directly to customers in this District or through intermediaries with the expectation that accused video games would be sold and distributed to customers in this District. These accused video games have been purchased and used by consumers in the Eastern District of Texas. Defendants have committed acts of infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

5. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

**COUNT I**
**(PATENT INFRINGEMENT)**

6. Babbage incorporates the foregoing paragraphs by reference as if fully set forth herein.

7. United States Patent No. 5,561,811 (the "'811 patent"), entitled "Method and Apparatus for Per-User Customization of Applications Shared By A Plurality of Users On A Single Display," was duly and legally issued by the United States Patent and Trademark Office on October 1, 1996, after a full and fair examination. A copy of the '811 patent is attached hereto as Exhibit A. The '811 patent relates to, among other things, a method and apparatus for entering simultaneous and sequential input events for at least one application program under the control of multiple users of a computer system.

8. Babbage is the assignee of all rights, title, and interest in and to the '811 patent

and possesses all rights of recovery under the '811 patent.

9. Defendants have infringed the '811 patent under 35 U.S.C. § 271 by performing, without authority, one or more of the following acts: (a) making, using, offering to sell, and/or selling within the United States video games that practice the inventions of the '811 patent; (b) contributing to the infringement of the '811 patent by others in the United States; and/or (c) inducing others to infringe the '811 patent within the United States.

10. Defendants, for example, have sold, offered for sale, and/or used at least Dark Souls, thereby infringing at least claim 7 of the '811 patent.

11. Additionally, and without limitation, Defendants induced at least the use of Dark Souls by others, such as their customers, who also directly infringed the '811 patent. For example, Defendants maintained the computers and/or servers without which infringement by using Dark Souls could not occur—i.e., online multiplayer use of the game (constituting infringement) could not occur. Defendants also published the game, sold the game, and/or encouraged others to use the game in multiplayer mode, and instructed users how to play the game in multiplayer mode. Defendants have actively and knowingly aided and abetted that direct infringement including but not limited to through the acts described above. Defendants actually intended to cause the acts that constitute direct infringement, knew of the '811 patent at least as early as the filing of the original complaint, and knew that the above-listed acts would lead to actual infringement with respect thereto. Defendants maintained the computers and/or servers for use with online multiplayer use of Dark Souls after the filing of the original complaint, in such a way that its customers infringed the patent by using the multiplayer mode in that game. Defendants also published the game, sold the game, encouraged others to use the game in multiplayer mode, and/or instructed users how to play the game in such a way that its customers

infringed the patent after the filing of the complaint.

12. Further, with respect to at least the above-listed game, Defendants sold, offered for sale, and/or imported a material component of the patented invention (e.g., videogame and/or accused videogame functionality) that is not a staple article of commerce capable of substantial non-infringing use (the multiplayer functionality of the videogame has no non-infringing use and/or no substantial non-infringing use), with knowledge of the '811 patent, and knowledge that the component was especially made or adapted for use in an infringing manner.

## JURY DEMAND

13. Babbage hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

14. Babbage requests the following relief:

    A. A judgment that Defendants have directly infringed the '811 patent, contributorily infringed the '811 patent, and induced infringement of the '811 patent;

    B. A judgment and order requiring Defendants to pay Babbage's damages under 35 U.S.C. § 284, with an accounting, as needed;

    C. A judgment and order requiring Defendants to pay Babbage's prejudgment and post-judgment interest on the damages awarded;

    D. A judgment and order requiring Defendants to pay Babbage the costs of this action (including all disbursements) and attorney's fees as provided by 35 U.S.C. § 285; and

    E. Such other and further relief as the Court deems just and equitable.

Dated: January 6, 2014

Respectfully submitted,

s/ Anthony M. Garza
ANTHONY M. GARZA, LEAD ATTORNEY
  Texas State Bar No. 24050644
  agarza@ccrglaw.com
STEVEN CALLAHAN
  Texas State Bar No. 24053122
  scallahan@ccrglaw.com
UJAALA RASHID
  Texas State Bar No. 24088274
  urashid@ccrglaw.com
**CHARHON CALLAHAN ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone: (214) 521-6400
Telecopier: (214) 764-8392

*Counsel for Babbage Holdings, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on January 6, 2014. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

s/Ujaala Rashid
UJAALA RASHID